Dear Sen. Tarver:
On behalf of one of your constituents, you requested the opinion of this office concerning whether a taxing body can charge the cost of a sales tax audit to the taxpayer. The information enclosed with your opinion request indicates that a taxpayer, whose business office is located in Shreveport, was notified that they would be audited by the City of Monroe ("Monroe") regarding sales made within the boundaries of Monroe. Monroe verbally advised the taxpayer that if the auditor had to stay overnight in Shreveport in order to conduct the audit, the taxpayer would be responsible for the expenses.
R.S. 33:2719 pertaining to contracts for the collection of sales and use taxes provides in pertinent part as follows:
 "A. The governing authority of any political subdivision may contract with the sheriff, the Louisiana Department of Revenue, any political subdivision of this state, or any other agency, whether public or private, for the examination or investigation of the place of business, if any; the tangible personal property; and the books, records, papers, vouchers, accounts, and documents of any taxpayer for the purposes of enforcement and collection of any tax imposed by that political subdivision.
* * *
 E. (1) Prior to initiating an examination or audit of a taxpayer, a political subdivision shall provide notice of the political subdivision's intent to audit by certified mail to the taxpayer at the taxpayer's last known address. Such notice shall:
(a) Reasonably describe the nature of the audit.
 (b) Identify the name, office, address, and office telephone number of the firm or individual who will initiate the audit.
 (c) Advise the taxpayer of the right to review and copy the audit contract if the audit will be conducted by a private auditing firm.
 (d) Summarize the remedies available to the taxpayer if the taxpayer should choose to contest the audit findings.
 (e) Describe the interest, penalties, and costs, including audit costs, for which the taxpayer may be liable if taxes are determined to be due.
* * *
 F. If the cost of a sales tax compliance audit is to be borne by the taxpayer, pursuant to R.S. 47:1605 or similar local ordinances, the cost to the taxpayer shall not exceed thirty percent of the amount of the additional taxes determined to be due as the result of the audit. (Emphasis added)
Accordingly, Louisiana law contemplates that the cost of a sales tax audit may be borne by the taxpayer provided that (i) an ordinance is adopted by the taxing authority authorizing the imposition of the costs to the taxpayer; (ii) a description of the interest, penalties and costs, including audit costs, is given to the taxpayer in the notice required to be sent thereto by certified mail; and (iii) the cost to the taxpayer does not exceed thirty percent of the amount of the additional taxes determined to be due as the result of the audit.
The information you supplied with your opinion request included an excerpt from an ordinance which states that if the taxpayer does not maintain an office, warehouse, distribution center or other facility within the jurisdictional boundaries of the Authority[1], the dealer shall make the records available at the Collector's operations center. If the dealer fails to do so, all travel and associated out-of-pocket expenses shall be the responsibility, and become a liability, of the dealer.
We were also furnished with a copy of the notice sent to the taxpayer by Monroe and it does not describe the interest, penalties and costs for which the taxpayer may be liable if taxes are determined to be due.[2] Inasmuch as the notice does not describe the costs for which the taxpayer may be liable if taxes are due, it is the opinion of this office that Monroe may not charge the taxpayer for the costs of the audit.
The Notice also does not, as required by R.S. 33:2719(E)(1)(d), summarize the remedies available to the taxpayer if the taxpayer should choose to contest the audit findings. We could not determine if the notice was sent by certified mail as is required by R.S. 33:2719(E)(1). Although R.S. 33:3719(E) requires that the notice state "the political subdivision's intent to audit" and it must "reasonably describe the nature of the audit" and "identify the name, office . . . of the firm who will initiate the audit", the notice was on City of Monroe letterhead; however, we were verbally advised by the taxpayer that the auditor actually performed an audit for other taxing authorities in Ouachita Parish.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: June 20, 2003
[1] We have assumed that the excerpt is from an ordinance adopted by the single sales tax collector or central collection commission for Ouachita Parish.